Filed 2/3/23  P. v. Orozco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C096368 |
| Plaintiff and Respondent, | (Super. Ct. No. 19-CR-29234) |
| v. | |
| HECTOR OROZCO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Hector Orozco has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief.  Defendant filed a letter brief arguing the trial court erred in imposing a two-year low term prison sentence and instead should have imposed one-third

of the applicable middle term pursuant to Penal Code[1] section 1170.01, subdivision (a). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2019, while defendant was incarcerated in state prison, a correctional officer found two bindles in defendant's pocket. The officer tested one of the bindles and confirmed it was methamphetamine. One of the bindles weighed 4.1 grams, while the other weighed 1.5 grams, without packaging.

During the preliminary hearing, the officer testified that a typical methamphetamine user will use one-half gram per day. In the officer's experience, 5.6 grams was a large amount of methamphetamine and indicated defendant possessed the drugs for sale.

Defendant confirmed during his preliminary hearing testimony that the bindles both contained methamphetamine. He explained that the drugs were for his personal use, and he had a larger amount because he would typically buy enough for one or two weeks at a time.

Defendant was charged with possession for sale of a controlled substance and possession of contraband in a state correctional facility. It was further alleged defendant had four prior strikes. The trial court granted defendant's request to represent himself.

In March 2022, defendant requested a court trial and waived his right to a jury trial.

In May 2022, while defendant was still incarcerated, the parties agreed to submit the matter to the trial court based on the preliminary hearing transcript and the opinion of defendant's expert. The parties further agreed that defendant would be found guilty of possession of contraband in a correctional facility, the enhancement allegations would be

---

[1] Undesignated statutory references are to the Penal Code.

2

dismissed, and defendant would be sentenced to the low term of two years consecutive to the sentence he was currently serving. Following the parties' agreement, the trial court found defendant guilty of possession of contraband in a correctional facility, acquitted him of possession for sale, struck the strike enhancements, and sentenced defendant to two years in prison consecutive. The trial court also imposed various fines and fees.

Defendant timely appealed.

## DISCUSSION

### I

Without any citation to the record, defendant states that in 2014 (while he was serving a 34-year four-month sentence) he was involved in a prison riot. He claims he was charged with felony possession of a deadly weapon by a prison inmate and was ultimately convicted in 2016 of misdemeanor participation in a riot. According to defendant, the trial court sentenced him to one year in county jail consecutive to his underlying prison term.

Defendant argues this misdemeanor conviction was his first in-prison offense for all sentencing purposes. Despite stipulating to a two-year consecutive term, defendant points to section 1170.1, subdivisions (a) and (c) and argues the trial court was required to sentence him to one-third the middle term (or one year) rather than the two-year term it imposed. He asks us to remand the matter for a full resentencing hearing. Even assuming that defendant has not forfeited this contention and has provided an adequate record, we find no merit in his contentions.

The general rule for imposing determinate sentences on more than one offense provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum

3

of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).)

One exception to this rule is found in subdivision (c) of section 1170.1, which states: "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison . . . and . . . the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a). This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."

As courts have explained, " ' "The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under [section 1170.01,] subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon 'the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense.' " ' " (*People v. Brantley* (2019) 43 Cal.App.5th 917, 922.)

4

Despite defendant's contention that the trial court should have treated the sentence for the conviction at issue here as a subordinate term to his 2016 conviction (and therefore imposed a one-year sentence instead of two years), his 2016 conviction was for a misdemeanor. Section 1170.1, subdivision (c) makes clear that it only applies to "felonies committed while the person is confined in state prison." Given the clear language of the statute, we conclude that the trial court did not err in considering the conviction at issue here as his first in-prison offense and imposing a two-year lower term. (See *Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 288 [where a statute's language is unambiguous, the plain meaning controls].)

## II

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Mauro, J.

/s/_____
Boulware Eurie, J.